IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT LEE EARL JOE,          )
                                  )
          Plaintiff,      )
                                  )
   v.                       )        1:15CV668
                                  )
WINSTON-SALEM POLICE       )
DEPARTMENT, et al.,           )
                                  )
          Defendants.   )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This civil rights action is before the Court on the Motion to Dismiss [Doc. #20] of Defendant Winston-Salem Police Department pursuant to Federal Rule of Civil Procedure 12(b). Defendant Winston-Salem Police Department argues that it is an entity not capable of being sued under North Carolina law. The Court advised Plaintiff several times [Doc. #23, #25] of his right to respond, but he has not responded and his time for responding has now expired. For the reasons that follow, the Court recommends that Defendant's Motion to Dismiss be granted, and that all claims against Defendant Winston-Salem Police Department be dismissed. Defendant Officer Swaim, who has answered the Complaint, would then be the only remaining Defendant. However, given Plaintiff's failure to respond, the Court will require Plaintiff to file a Notice of Intent to Proceed before the Court enters a Scheduling Order in this case.

I.    FACTS, CLAIMS, AND PROCEDURAL HISTORY

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff Robert Lee Earl Joe alleges in his Amended Complaint that on October 24, 2008, he was standing at a corner on

Inverness Street in the City of Winston-Salem waiting for a taxi. (Am. Compl at 5.) Plaintiff further alleges that an undercover police van arrived, police officers jumped out of the van, Plaintiff ran in the opposite direction, and Plaintiff was chased down by officers who assaulted him by throwing him to the ground and arresting him. (Id.) Plaintiff was charged with resisting, delaying, and obstructing Officer Swaim, possession with intent to sell or deliver cocaine, and being a habitual felon. (Id. at 4.) He was placed under bond and was confined in the Forsyth County detention center until December 8, 2009, when he posted bond. Plaintiff alleges that on May 19, 2010, Forsyth County Superior Court Judge Hinnant granted his motion to suppress and dismissed all charges against him. (Id. at 5.)

Plaintiff claims that Officer Swaim lacked probable cause to arrest him which "equals false imprisonment," was negligent or deliberately indifferent, and assaulted him. (Id. at 4.) Plaintiff seeks damages as relief, and for the Court to "erase from official records any legal pending proceedings against the plaintiff of the above criminal pleading in Forsyth County." (Id. at 7.)

II.    DISCUSSION

Defendant Winston-Salem Police Department moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) (lack of personal jurisdiction), 12(b)(4) (insufficient process), 12(b)(5) (insufficient service of process), and 12(b)(6) (failure to state a claim upon which relief may be granted). Defendant Winston-Salem Police Department contends that it is not an entity capable of being sued under North Carolina law. (Br. [Doc. #21].) "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district

court is held." <u>Avery v. Burke Cty.</u>, 660 F.2d 111, 113-14 (4th Cir. 1981). In North Carolina, a municipal police department is a "component part" of the city and lacks the capacity to be sued. <u>Jones v. City of Greensboro</u>, 277 S.E.2d 562, 576 (N.C. Ct. App. 1981); <u>see also Elabanjo v. Bellevance</u>, No. 1:11CV349, 2012 WL 4327090 (M.D.N.C. Sept. 18, 2012) (Chapel Hill Police Department not an entity capable of being sued), <u>R. & R. adopted by</u> 2012 WL 5864004 (M.D.N.C. Nov. 19, 2012). Accordingly, Plaintiff cannot state a claim against Defendant Winston-Salem Police Department, and its Motion to Dismiss should be granted as to all claims against it.[1]

Defendant Officer Swaim, who has answered the Complaint, remains as a Defendant. However, given Plaintiff's failure to respond to the Winston-Salem Police Department's Motion to Dismiss, the Court concludes that it would be appropriate to confirm that Plaintiff intends to proceed with this case. Therefore, the Court will require Plaintiff to file a Notice of Intent to Proceed before the Court enters a Scheduling Order in this case. The Notice of Intent to Proceed should be filed within 30 days, by November 28, 2016. Failure to file a Notice of Intent to Proceed will result in the case being dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. If a Notice of Intent to Proceed is filed, the case should be referred to the undersigned for entry of a Scheduling Order.

---

[1] The Court notes that Plaintiff has not named the City of Winston-Salem as a defendant. Even if the City had been named as a defendant, it does not appear that Plaintiff has alleged sufficient facts to state a claim against that entity. <u>See Milligan</u> <u>v. City of Newport News</u>, 743 F.2d 227, 229 (4th Cir. 1984); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978).

3

III.    CONCLUSION

IT IS THEREFORE RECOMMENDED that the Winston-Salem Police Department's Motion to Dismiss [Doc. #20] be GRANTED, and that all claims against the Winston-Salem Police Department be DISMISSED.

IT IS ORDERED that Plaintiff must file a Notice of Intent to Proceed by November 28, 2016, indicating his intent to proceed with this case.  Failure to file a Notice of Intent to Proceed will result in the case being dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

This, the 28th day of October, 2016.


_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge